IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02524-MEH

ELEANOR MEADOWS,

      Plaintiff,

v.

ELECTRIC INSURANCE COMPANY,

      Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Objection to Removal from State Court and Motion to Remand to the Jefferson County District Court [filed November 24, 2015; docket #11]. The parties consented to this Court's jurisdiction on December 18, 2015, and the case was reassigned on December 22, 2015. Dockets ## 16, 18. The matter is fully briefed, and the Court finds oral argument would not assist in its adjudication of the motion. For the following reasons, Plaintiff's motion is denied.

## I.    Background

      Plaintiff initiated this action in the District Court for the County of Jefferson, Colorado on October 22, 2015 alleging generally that Defendant breached an insurance contract by denying the Plaintiff, an insured, the underinsured motorist benefits to which Plaintiff is entitled. Docket #2. Defendant removed the action to this Court on November 17, 2015 asserting the Court's diversity jurisdiction. Docket #1.

      Plaintiff objects, not that the Court retains such jurisdiction, but that the insurance contract

contains a provision requiring that the parties "adjudicate" disputes in the county in which the Plaintiff resides. Defendant counters that the contract provision is specific only to a permissive arbitration clause, which does not "prohibit litigation elsewhere." Docket #15 at 2. Further, Defendant asserts that removal is not a creature of contract and, thus, it is entitled to remove the action pursuant to federal statute. *Id.* at 5. Plaintiff replies that the insurance contract is similar to a contract of adhesion and "a lay person such as the Plaintiff when reading an automobile insurance contract with terms they have not negotiated would have the reasonable expectation that their dispute would be determined in a court setting in the county in which they reside rather than in Federal Court whether the case was arbitrated or litigated." Docket #19 at 2.

## II.    Analysis

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the present removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. "The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005). Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Plaintiff does not challenge the Court's jurisdiction over the matter but, rather, argues that

the subject insurance contract governs the selection of a forum for her dispute.  Defendant counters that the forum selection clause in the contract relates solely to arbitration, not litigation, and is permissive, as opposed to mandatory.   Plaintiff replies that, pursuant to the "reasonable expectations" doctrine, she had a reasonable expectation that any formal dispute, whether by arbitration or litigation, would be adjudicated in the county in which she resides (Jefferson County).

First, the Court finds the Plaintiff does not have a "reasonable expectation" under Colorado law that the forum selection clause applies to *litigation* of the dispute, in addition to *arbitration*.  The Colorado Supreme Court has specified "Colorado's formulation of the doctrine of reasonable expectations" as follows:

> Given insurance policies' unique nature, which includes significant potential for insurers to take advantage of or mislead insureds, such policies are subject to heightened scrutiny, including the doctrine of reasonable expectations, **which obligates insurers to clearly and adequately convey coverage-limiting provisions to insureds**. In Colorado, the reasonable expectations of insureds have succeeded over exclusionary policy language in two main situations: (1) where an ordinary, objectively reasonable person would, based on the language of the policy, fail to understand that he or she is not entitled to the coverage at issue; and (2) where, because of circumstances attributable to an insurer, an ordinary, objectively reasonable person would be deceived into believing that he or she is entitled to coverage, while the insurer would maintain otherwise.

*Bailey v. Lincoln Gen. Ins. Co.*, 255 P.3d 1039, 1048-49 (Colo. 2011) (en banc) (emphasis added). Thus, in Colorado, the reasonable expectations doctrine is applied to determine the scope of insurance coverage.  *Id.*; *see also Dish Network Corp. v. Arch Specialty Ins. Co.*, 659 F.3d 1010, 1015-16 (10th Cir. 2011); *Regional Bank of Colo., N.A. v. St. Paul Fire & Marine Ins. Co.*, 35 F.3d 494, 497 (10th Cir. 1994) (listing cases).  The Plaintiff provides no case law, and the Court has found none, applying the doctrine to a forum selection clause in an insurance contract.

The Court agrees with Plaintiff, though, that "[i]nsurance policies are contracts and must be

construed to carry out the intent of the parties." Motion, ¶ 15 (citing *Bengtson v. USAA Prop. & Cas. Ins.*, 3 P.3d 1233 (Colo. App. 2000)).

> Whenever possible, the parties' intent must be ascertained from the policy language alone. In construing a policy, a court should give words their plain meaning according to common usage, and avoid strained constructions. *Compton v. State Farm Mutual Automobile Insurance Co.*, 870 P.2d 545 (Colo. App. 1993).

> Unless there is an ambiguity in the terms of a policy, a court should avoid strained interpretations and should enforce an insurance contract as written. A provision is ambiguous when it is reasonably susceptible to more than one meaning. *Compton v. State Farm Mutual Automobile Insurance Co., supra*. Any ambiguities are to be construed against the drafter and in favor of the insured. *Farmers Insurance Exchange v. Walther*, 902 P.2d 930 (Colo. App. 1995).

*Bengtson*, 3 P.3d at 1235. Here, the parties agree that the forum selection clause in the subject contract applies to arbitration of disputes; Plaintiff argues further that the clause can be reasonably construed as also applying to litigation of disputes. The Court disagrees. The Plaintiff has pointed to no provision in the contract that permits an interpretation of the clause as applying to anything other than arbitration. The provision itself reads:

**ARBITRATION**

A. If we and an "insured" do not agree:

> 1. Whether that "insured" is legally entitled to recover damages; or

> 2. As to the amount of damages which are recoverable by that "insured";

from the owner or operator of an "uninsured motor vehicle", then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by at least two of the arbitrators will be binding as to:

1. Whether the "insured" is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

Personal Auto Policy, Part C, docket #11-1 at 10.  Neither the clause itself nor any other provision in the contract would lead a reasonable person to believe that *all* disputes under the contract would be adjudicated "in the county in which the insured lives," particularly where the provision specifies that "disputes concerning coverage under this Part may not be arbitrated."  *Id.*

In addition, the Court agrees that the clause is "permissive" as opposed to "mandatory." "The difference between a mandatory and permissive forum selection clause is that '[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum.'" *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)). "In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, ***but do not prohibit litigation elsewhere***." *Id.* at 926-27 (emphasis added).  "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Id.* at 927.  However, "[w]here only jurisdiction is specified, [the court] will

nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive." *Id.*

Here, the plain language of the forum selection clause specifies that "the matter ***may*** be arbitrated" and "[b]oth parties must agree to arbitration." Docket #11-1 at 10 (emphasis added). The clause certainly does not prohibit litigation elsewhere, as it also specifies that "disputes concerning coverage under this Part may not be arbitrated." *Id.* Further, the clause does not waive Defendant's right to remove the cause pursuant to 28 U.S.C. § 1441(a). *Pine Tel. Co., Inc. v. Alcatel-Lucent USA, Inc.*, 486 F. App'x 724, 726 (10th Cir. 2012); *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("[A] waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'") (citations omitted). Accordingly, the Court cannot conclude the Plaintiff had a reasonable expectation that disputes under the insurance contract would be adjudicated in the county in which she resides and, thus, there is no sound basis on which to justify remand in this case.

## III.    Conclusion

Based on the entire record and for the reasons stated above, the Plaintiff's Motion to Remand to the Jefferson County District Court [filed November 24, 2015; docket #11] is **denied**.

Entered and dated at Denver, Colorado, this 9th day of February, 2016.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge